22 N.J. Super. 74 (1952)
91 A.2d 500
THEODORE D'AGOSTINO, JOSEPH DOLAN, EDGAR M. DIETZ, GEORGE ANDERSON, STEPHEN W. SIMMS, ROBERT W. DACEY, CHARLES BANISTER, JOHN FLANAGAN, JOHN R. DONELLY, WILLIAM IMIELSKI AND KENNETH LINDSEY, PLAINTIFFS,
v.
THE JAGUAR REALTY CO., A CORPORATION OF NEW JERSEY, WILLIAM RODNEY AND ROBERT JACOBS, T/A APPROVED EQUIPMENT MANUFACTURING CO., INC. AND BOROUGH OF NEW MILFORD, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 3, 1952.
*75 Messrs. Chandless, Weller, Kramer & Frank, attorneys for plaintiffs.
Mr. Bernard S. White, attorney for defendants Jaguar Realty Co., William Rodney and Robert Jacobs.
Mr. William A. Fasolo, attorney for defendant Borough of New Milford.
GRIMSHAW, J.S.C.
The plaintiffs herein charge that the defendant corporation threatens to violate the zoning ordinance of the Borough of New Milford. They seek an injunction against such threatened violation. In the second count they ask for a declaratory judgment setting forth the rights of the parties under R.S. 40:55-48 and sections 8.9 (a) and 8.9 (c) of the zoning ordinance of the Borough of New Milford. Any consideration of the right of the individual plaintiffs to seek the aid of a court of equity in securing the enforcement of a municipal ordinance is obviated by the *76 fact that the Borough of New Milford has been added as a party plaintiff and joins in the prayers for relief. See Mayor, &c., of Alpine Borough v. Brewster, 7 N.J. 42 (1951).
The Borough of New Milford has a population of some 12,000 people. Essentially it is a residential community. Most of the dwellings within its borders are one-family houses. There is one garden apartment, 12 stores, a woolen mill employing 40 people, a small woodworking plant operated by two men, and the plant of the defendant corporation.
Since 1946 the defendants Rodney and Jacobs have been manufacturing rubber goods in the premises owned by the defendant Jaguar Realty Company, in the Borough of New Milford. On September 20, 1949 the borough adopted a zoning ordinance. In the ordinance the property of the defendant corporation was classified in the "A" Residential zone. However, defendants' operations were continued as a non-conforming use.
On December 6, 1950, a fire occurred at the premises of the defendant. The fire completely destroyed the plant for all practical purposes. Although two of the walls remained standing, the testimony is that before operations could be resumed the building would have to be completely rebuilt. When defendants indicated their intention to rebuild the complaint in this cause was filed.
Ordinarily the procedure would be an application to the building inspector for a permit to rebuild. Upon a refusal of the permit a review of the action of the inspector could be had in a proceeding in lieu of a prerogative writ. That course was not taken in this case. The defendants failed to apply for a permit. They excused their inaction by saying that they had been informed that any application for a permit to rebuild would be refused.
Since the institution of this suit defendants have moved their machinery to other quarters and at present there is no indication of an intent to resume operations in New Milford. Therefore, there would appear to be no reason for the employment of the injunctive processes of this court.
*77 Plaintiffs claim that the total destruction of the defendants' plant resulted also in a destruction of the non-conforming use theretofore enjoyed by the defendants. Defendants, on the other hand, maintain that the statute gives them the right to rebuild without interference. All parties join in seeking a declaration of their respective rights.
I am satisfied that the controversy between the parties is bona fide and that a proceeding under the Declaratory Judgment Act, N.J.S. 2A:16-50 et seq. is appropriate. New Jersey Turnpike Authority v. Parsons, 3 N.J. 235 (1949).
The relevant statutory provision, R.S. 40:55-48, is as follows:
"Any nonconforming use or structure existing at the time of the passage of an ordinance may be continued upon the lot or in the building so occupied and any such structure may be restored or repaired in the event of partial destruction thereof."
The zoning ordinance of the Borough of New Milford provides, among other things:
"Section 8.9  Non-Conforming Building or Uses
(a) Any non-conforming use or structure existing at the time of the passage of this ordinance may be continued upon the lot or in the building so occupied, and any such structure may be restored or repaired in the event of partial destruction thereof.

* * * * * * * *
(c) The cost of structural alterations made in such building shall in no case exceed fifty per cent of its assessed value nor shall the buildings be enlarged unless the use therein is changed to a conforming use."
The statute then provides that a building which represents a non-conforming use may be restored or repaired in the event of partial destruction. In this case the building which represented the non-conforming use has been totally destroyed and will require complete rebuilding. It seems to me that it was the legislative purpose to limit the repairs and alterations of non-conforming structures to those of a comparatively minor character. Certainly had it been contemplated *78 that a structure constituting a non-conforming use could be rebuilt after complete destruction, the word "partial" would not have been used. The spirit of the Zoning Act has been to restrict rather than to increase non-conforming uses and authority to vary the application of the general regulation should be sparingly exercised. Lumund v. Board of Adjustment of Rutherford, 4 N.J. 577 (1950).
I am of the opinion that the Zoning Act does not supply authority for the action contemplated by the defendants.
Judgment accordingly.